**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PETER MICHAEL S.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **NO. 24-cv-3150** |
| | : | |
| **FRANK BISIGNANO,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **July 30, 2026**

Peter Michael S. (Plaintiff) filed this action seeking review of the Commissioner of Social Security Administration's (SSA) decision, pursuant to 42 U.S.C. § 405(g), denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 402(g). This matter is before me for disposition upon consent of the parties. For the reasons set forth below, Plaintiff's request for review is **DENIED**.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for DIB on September 20, 2018, alleging disability since January 15, 2008. (R. 10). Plaintiff's application was denied at the initial level, and he requested a hearing from an Administrative Law Judge (ALJ). (R. 79-85). On August 19, 2021, the ALJ determined that no hearing was needed and issued a decision fully favorable to Plaintiff. (R. 59). However, on September 15, 2021, she amended her decision to clarify that it would not result in the payment of any benefits because "disability insurance benefits are not payable more than 12 months prior to the application date. In this case, the application was filed in September 2018, and the claimant reached full retirement age in March 2015, more than three

years earlier." (R. 70). In a further amended decision issued on October 19, 2021, the ALJ explained that as set forth in an "informal protest" lodged by the Payment Center, "the effectuating component" of the SSA, Plaintiff's benefits could not be processed "due to the limitations set forth in 20 CFR 404.320 as well as POMS DI [Program Operation Manual System – Disability Insurance] 10105.015 and 25510.010," which "dictate that an application for Disability Insurance Benefits must be filed no later than 12 months after the month in which the period of disability ended, or in certain circumstances no later than 36 months after the period of disability ended (20 CFR 404.320)." (R. 74). Observing that in this case more than three years had elapsed between, on the one hand, Plaintiff's disability period ending upon his reaching full retirement age and, on the other hand, his application for benefits, the ALJ noted that the District Office had failed to consider the applicability of § 404.320 before advancing Plaintiff's application to the State Agency for a medical determination. (*Id.*). Therefore, the ALJ returned the matter to the District Office for further consideration of "whether the claimant meets the nonmedical requirements to qualify for a period of Disability Insurance Benefits." (*Id.*).

Two days later, on October 21, 2021, the District Office issued a Special Determination in which it concluded that when Plaintiff "filed an application for disability benefits on 9/20/2018 he did not meet the non-medical factors for disability and his claim should have been denied at that point." (R. 253). Plaintiff requested reconsideration of this determination, but it was denied on March 8, 2023. (R. 261-67). He then requested a hearing; on November 13, 2023, he testified and was represented by counsel. (R. 24-46, 268-69). On January 3, 2024, the ALJ issued a decision unfavorable to Plaintiff, in which she again explained that his application must be denied because it was not timely filed. (R. 7-23). Plaintiff requested review of this decision as well, but the Appeals Council denied her request on May 14, 2024, thus making the

ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. 1-6, 353-58).

Plaintiff filed a complaint in this Court on July 18, 2024, seeking review of the Commissioner's decision. (Compl., ECF No. 1). On October 17, 2024, after failing to file the Consent to or Declination of Jurisdiction of a Magistrate Judge Form (Consent Form) as twice directed, he was deemed on October 17, 2024, to have consented to the jurisdiction of United States Magistrate Judge Elizabeth T. Hey. (Soc. Sec. Not. of Case Assignment, ECF No. 3; Orders, ECF Nos. 7-8). On April 25, 2025, Plaintiff filed a Brief and Statement of Issues in Support of Request for Review. (Pl.'s Br., ECF No. 12). The Commissioner filed a Response on May 27, 2025. (Resp., ECF No. 13). On April 21, 2026, the case was reassigned to me for all future proceedings. (Order, ECF No. 14). On June 30, 2026, after again failing to file a Consent Form as directed, Plaintiff was deemed to have consented to my jurisdiction. (Orders, ECF Nos. 16-17).

## II. ALJ'S DECISION

Following the administrative hearing, the ALJ issued a decision in which she made the following Findings of Fact and Conclusions of Law:

1. The claimant filed an application for a Period of Disability and Disability Insurance Benefits on September 20, 2018.
2. The claimant attained full retirement age on March 17, 2015.
3. The claimant does not meet the non-medical requirements for a period of disability and Disability Insurance Benefits.

(R. 12 (footnote omitted)). Accordingly, the ALJ found Plaintiff does not meet the non-medical[1] requirements for payment of disability benefits. (R. 16).

## III. LEGAL STANDARD

The Social Security Act (Act) limits disability insurance benefits to those who have "not attained retirement age . . . ." 42 U.S.C. § 423(a)(1)(B). Both the act and its implementing regulations require that an application for benefits be filed within one year of the disability period. *See id.* § 423(b) ("An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month."); 20 C.F.R. § 404.320(b)(3) (to qualify for disability benefits, a claimant must, *inter alia*, "file an application while disabled, or no later than 12 months after the month in which [the] period of disability ended"); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) ("In order to be entitled to disability benefits, Wilson must have applied for benefits while disabled or no later than twelve months after the month in which his period of disability ended.") (citing 20 C.F.R. §§ 404.315(a)(3), 404.320(b)(3), 404.621(d)); *Ordewald v. Barnhart*, 351 F. Supp. 2d 499, 503-04 (W.D. Va. 2005) ("Mrs. Ordewald contends that the Law Judge was without legal authority in requiring that her application for benefits be filed within 12 months from the date on which the Law Judge found that her disability ended. However, the filing of a timely application is one of the requirements for benefits . . . ."). Nonetheless, if the claimant was prevented from timely filing by a physical or mental condition as set forth in 20 C.F.R. § 404.322, the application period may

[1] Because Plaintiff's application was denied for non-medical reasons, this Court omits its usual summary of the evidence.

be extended, but he or she must still "apply not more than 36 months after the month [the] disability ended." 20 C.F.R. § 404.320(b)(3).

Additionally, POMS DI 10105.015B provides:

> An application for DIB may establish entitlement for any month in which the [applicant] meets all of the eligibility requirements in DI 10105.005 up to 12 months before the month the application is filed.
>
> If a fully insured person who is less than 12 months past attainment of full retirement age (FRA) files for monthly benefits and alleges that he/she has been disabled within the past 12 months, possible entitlement to a DIB should be considered. A period of disability cannot be established if such period would have ended more than 12 months before the application was filed.

POMS DI 10105.015B.

## IV. DISCUSSION

The ALJ correctly determined that Plaintiff's application for disability benefits was time-barred. Because his disability period ended when he attained full retirement age on March 17, 2015, but he did not file his application until more than three years later on September 20, 2018, he failed to meet the non-medical criteria for an award of benefits. (R. 12 (citing POMS GN 00302.400)); *see also* 20 C.F.R. § 404.320(b)(3); POMS DI 10105.015B.

Nonetheless, Plaintiff raises two issues regarding this adjudication in his counseled brief (recited verbatim):

> 1. In the instant matter, the Plaintiff as an applicant for disability benefits as an adjunct to early retirement benefits, who proceeded to a fully favorable decision, only to have his claim dismissed, is there a matter of law, rather a rule to affirm, for the court under *Loper Bright* to decide?
>
> 2. Where the claimant became disabled with respect to a claim of disability benefits as of age 60 via a full adjudication process by an Administrative Law Judge, initiated by application more than three (3) years after

> having arrived at full retirement age, are retirement benefits, augmented by increases through the disability process, payable to the client?

(Pl.'s Br., ECF No. 12, at 3, 9).

**A. *Loper-Bright Enterprises***

In *Loper-Bright Enterprises v. Raimondo*, the United States Supreme Court held that the Administrative Procedures Act (APA), 5 U.S.C. § 551, does not allow a court to defer to an agency interpretation of its statutory authority simply because the statute is ambiguous. 603 U.S. 369, 412-13 (2024) (overruling *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). Instead, the APA requires a court to exercise "independent judgment" in determining the scope of agency authority, while nonetheless respecting appropriate delegations of constitutional authority. *Id.*

Although far from clear (and not aided by his confusing statement of the issue), Plaintiff appears to suggest that after *Loper-Bright Enterprises* this Court should not defer to the SSA's determination that his application was untimely. But Plaintiff's "argument" in support of his claim consists of little more than one large unattributed quote (with minor alterations in places) from the case. (Resp., ECF No. 12, at 3-9; *see also id.* at 11). The Commissioner is correct that under Third Circuit precedent this Court need not consider such unsubstantiated contentions. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145-46 (3d Cir. Dec. 7, 2017) ("we have consistently refused to consider ill-developed arguments") (citing *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 821 n.10 (3d Cir. 2006)). However, even addressing Plaintiff's claim on the merits, this Court reaches the same conclusion as the ALJ – not out of any deference to the SSA, but because the relevant authorities are clear. The Act, Code of Federal Regulations, POMS DI and caselaw construing them all unequivocally state than an application for disability benefits must be filed within 12 months of the end of the month in

which disability ended, whether due to removal of the disability or, as occurred here, attainment of full retirement age. 42 U.S.C. § 423(a)(1)(B), (b); 20 C.F.R. § 404.320(b)(3); POMS DI 10105.015B; *Wilson*, 284 F.3d at 1226; *Ordewald*, 351 F. Supp. 2d at 503-04. If the claimant was prevented from filing by a physical or mental impairment, the filing period may be extended to three years, 20 C.F.R. § 404.320(b)(3), but Plaintiff's application would be untimely even under this elongated timeframe. Accordingly, his first issue raised is without merit.

**B. Plaintiff's Favorably Adjudicated Disability Status**

Plaintiff's second issue raised is in response to the ALJ's supposed assertion that "he is still not disabled because a person who has not been disabled until full retirement age cannot file a claim based on a new disability originating after retirement age." (*See* Pl.'s Br., ECF No. 12, at 11-12 (characterizing the ALJ's position as: a "post-retirement age [award of DIB] would violate the provision [in 42 U.S.C. § 416(i)(2)(B) stating that] 'no such period [i.e., of disability] shall begin as to any individual after such individual attains retirement age'")). (*See* Pl.'s Br., ECF No. 12, at 11-12.) He theorizes that although he did not apply for DIB until 2018 after he had already reached full retirement age (at 66) and was in fact receiving "early" retirement benefits, in 2021 "[h]e was properly and thoroughly evaluated for disability with extensive medical evidence and adjudicated disabled to 2008" in a "Fully Favorable Decision" that "has never been vacated or denied as to its authenticity as a determination of when and the circumstances of [his] disability." (Pl.'s Br., ECF No. 12, at 9-11, 13 (quoting 42 U.S.C. § 416(i)(2)(B))). He complains that, notwithstanding this decision, the Social Security Payment Center subsequently "came up with the idea" that his application was untimely, leading in turn to two later ALJ decisions also concluding that his disability period ended once he reached full retirement age. (*Id.* at 11). However, he maintains that "common sense" dictates that disability "in the medical

and physical sense" does not end simply because the source of the benefits changes. (*Id.* at 9-10 (citing *Ford v. Comm'r, SSA*, 816 F. App'x 276 (10th Cir. 2020))).

Plaintiff further posits that he should be awarded disability benefits because at retirement age disability benefits "transition[ ]" or "convert[ ]" to retirement benefits. (*Id.* at 10, 12). He insists that the aforementioned regulations and POMS DI sections, *see supra* § III, "ha[ve] nothing to do with" someone permanently disabled like himself, but instead contemplate "a person who has recovered perhaps from [a] broken leg, or some disease which has been effectively treated and is no longer disabl[ing]" because, in his view, it makes sense to require only those individuals to adhere to a filing deadline. (*Id.* (citing 20 C.F.R. §§ 404.320(b)(3), 404.322(a)(b); POMS DI 10105.015, 25510.010)).

Thus, in short, Plaintiff argues that the 2021 determination that he has been disabled since January 15, 2008, (*see* R. 61), creates an entitlement to DIB as of the earlier date, such that his turning 66 on March 17, 2015, (*see* R. 12), merely resulted in a change in the type of benefits to be paid (i.e., from DIB to retirement), without any effect on his eligibility for the former. But what Plaintiff ignores is that his reaching full retirement age also triggered a deadline to *file* for DIB, with which he did not comply. Pursuant to 42 U.S.C. § 423(b), an applicant for DIB must file within 12 months of the last month for which he would have been eligible for benefits. Here, although Plaintiff may be correct that he remained disabled "in the medical and physical sense," he does not dispute that once he reached retirement age his eligibility for disability benefits was supplanted by an eligibility for retirement benefits. (*See* Pl.'s Br., ECF No. 12, at 10, 12; *cf.* R. 16 (the ALJ finding that Plaintiff met "the medical," but not "the non-medical," requirements for eligibility for DIB)). Therefore, pursuant to 42 U.S.C. § 416(i)(2)(D), the last month he remained eligible for DIB was the month prior to the month in which he reached full retirement age, i.e., February 2015. *See* 42 U.S.C. 416(i)(2)(D) (if not ended earlier for reasons

inapplicable here, "[a] period of disability shall end with the close of . . . the month preceding the month in which the individual attains retirement age"). Plaintiff was consequently required by § 423(b) to file for DIB within one year of that point, in turn extended to three years by 20 C.F.R. § 404.320(b)(3) if the delay were attributable to "a physical or mental condition," yet he failed to submit an application until three-and-a-half years later in September 2018, beyond even the extended deadline. 42 U.S.C. § 423(b); 20 C.F.R. § 404.320(b)(3); (R. 12); *see* POMS DI 10105.015B (an application for DIB must be filed within 12 months of the termination of eligibility); *see also Wilson*, 284 F.3d at 1226 (same); *Ordewald*, 351 F. Supp. 2d at 503-04 (same).[2] As such, this Court finds no error in the ALJ's determination that he is ineligible for payment of an award of DIB because his application therefor was untimely filed.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's request for review is denied. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

[2] Plaintiff insists that 42 U.S.C. § 416 and the related authorities only apply to those who "ha[ve] recovered" from their disability. (Pl.'s Br., ECF No. 12, at 12-13). In other words, for individuals who are permanently disabled like himself, there should be no limit on when a DIB application may be filed, even if the individual is well past working age. (*See id.*). Nonetheless, he cites no authority for this unique reading of the statute and instead acknowledges that it is merely "Plaintiff's interpretation." (*Id.* at 11). Moreover, the implementing regulations already address the situation of, and provide extra time for, an applicant who remains under a disabling physical or mental condition that prevents him or her from timely filing for DIB. 20 C.F.R. § 404.320(b)(3). Notably, Plaintiff has not argued that his disability impeded his timely application, although, given the length of the delay, it would be to no avail if he did. *See id.*